IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CRYSTILL SHANDELL HOSCH,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| v. | ) | 6:07-cv-1762-UWC |
| | ) | |
| **FARM BUREAU INSURANCE OF N.C., INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION ON
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Crystall Hosch ("Hosch") brings this action against Farm Bureau Insurance of North Carolina, Incorporated ("Farm Bureau") to recover benefits under an automobile insurance policy. Presently before the Court is a Motion for Summary Judgment by Farm Bureau. For the reasons set forth below, the Court finds that Farm Bureau is not entitled to Summary Judgment.

### I. FACTS

Hosch was involved in an automobile accident while driving a 2005 Chevrolet Silverado pick-up truck which was covered under automobile policy #APK 4728821 obtained by Hosch and her husband. After recovering the policy limits under the uninsured/underinsured motorist provision of her policy, Hosch sought to recover underinsured benefits under a policy #APK 4616095 issued to her parents, Jeff and Judy Lawrence.

1

The Lawrence policy lists the couple as the "Named Insured and Addresses." (Doc. 3, Def.'s Ex. C at 1 of 5.)  The Lawrences and Hosch are listed as "Drivers" under the policy which covers three automobiles.  None of the covered automobiles is the Silverdo pick-up truck Hosch was driving when she was involved in the accident at issue here.  Farm Buerua has refused to pay Hosch any benefits under the Lawrence policy.

The Lawrence policy provides the following with respect to underinsured or uninsured motorists coverage:

> A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury"
>
>  1. Sustained by an "insured," and
>
>  2. Caused by an accident
>
> . . . .
>
> B. "Insured" as used in this Part means
>
>  1. You are an "family member."
>
>  2. Any other person "occupying" "your covered auto."
>
>  3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

(*Id*.)

Hosch, who lives separately from her parents, does not qualify as a "family member" because she is not a resident of her parent's household. (*Id*. at 1 of 12.)  Hosch

2

is also unable to qualify as an "other person 'occupying' 'your covered auto" because she admits she was driving the Silverado, which is not covered under the Lawrence policy.

Thus, Hosch may only recover if she falls under the definition of "you." The policy defines the term "you," as follows:

> A.  Throughout this policy, "you" and "your" refer to:
>
> 1. The "named insured" shown in the Declarations; and
> 2. The spouse if a resident of the same household.

(*Id*. at 1 of 12.) Because Hosch is not a "spouse," she only meets the definition of the term "you" if she is a "'named insured' shown in the Declarations." (*Id*.) Farm Bureau argues Hosch is not a "named insured." because she is listed as a "driver" on the Lawrence policy, rather than an "insured."

Hosch contends that because she is a "driver," she also satisfies the definition of an "insured." In support of her argument, Hosch points to the policy Farm Bureau issued to she and her husband. On page one of that policy, issued for the Silverado, three "drivers" are listed: Hosch, her husband, and her mother Judy Lawrence. On page two, all three are again listed under "Named Insured Schedule." (Doc. 3, Pls.' Ex. D.)

In contrast to the Silverado policy, the Lawrence policy at issue here lists "drivers," but does not contain a "Name Insured Schedule." Instead, the policy lists the Lawrences on the top of the page under "Name Insured And Address."

ANALYSIS

In determining whether an ambiguity exists, a court should apply the common interpretation of the language alleged to be ambiguous. This means that the terms of an insurance policy should be given a rational and practical construction. Also, a court cannot consider the language in the policy in isolation, but must consider the policy as a whole.

. . . .

The test to be applied by [a] court in determining whether there is ambiguity is not what the insurer intended its words to mean, but <u>what a reasonably prudent person applying for insurance would have understood them to mean</u>.

*State Farm Fire & Cas. Co. v. Slade,* 747 So.2d 293, 308-09 (Ala.1999) (emphasis added) (citations omitted).

Applying these guidelines, the Court finds that a reasonably prudent person applying for insurance could have understood the word "driver" to mean "insured," where the policy does not identify any "insured" parties and where the policy does not define the term "driver." Accordingly, by separate order, Farm Bureau's motion for summary judgment will be denied.

Done this 22nd day of February, 2008.

U.W. Clemon
United States District Judge